UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                   :
                                            :
            v.                              :   **MEMORANDUM AND ORDER**
                                            :   15-CR-294 (WFK)
WILLER VIOLI GIL,                           :
                                            :
                        Defendant.          :
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 15, 2015, Defendant Willer Violi Gil ("Defendant") pled guilty to Importation of Cocaine. ECF No. 16 ("Guilty Plea"). The Court now provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons stated below, Defendant is hereby sentenced to time served.

## BACKGROUND

On February 21, 2012, Defendant was charged in an Indictment with one count of Importation of Cocaine under 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3) and 18 U.S.C. §§ 3551 *et. seq.* ("Count One") and one count of Possession of Cocaine with Intent to Distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. §§ 3551 *et. seq.* ("Count Two"). ECF No. 7 ("Indictment") at 1-3. On October 15, 2015, Defendant pled guilty to Count One. *See* Guilty Plea at 1.

The Court hereby sentences Defendant and sets forth the reasons for Defendant's sentence using the rubric of the Section 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The Court addresses each of the 18 U.S.C. § 3553(a) factors in turn.

1

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first 18 U.S.C. § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the [D]efendant." 18 U.S.C. § 3553(a)(1).

#### a. History and Characteristics of Defendant

Defendant, a dual citizen of the Dominican Republic and Spain, was born on May 29, 1990, in the Dominican Republic. ECF No. 19 ("PSR") ¶ 29. He was raised primarily by his mother, but remains in contact with his father and has a good relationship with both parents. *Id.* ¶ 30. Defendant was married on May 10, 2014, and his wife currently resides in the Dominican Republic. *Id.* ¶ 33. Defendant has no children. *Id.*

Defendant attended one year of high school before being recruited as a professional baseball player. *Id.* ¶ 39. From 2004 to 2010, Defendant was a pitcher for the Dominican Summer League Royals, a minor league affiliate of the Kansas City Royals professional baseball team. *Id.* ¶ 43. He suffered a knee fracture in 2009, ending his baseball career. *Id.* Defendant proceeded to work in construction until his arrest for the instant offense in May of 2015. *Id.* ¶ 42. This is Defendant's first criminal offense on record. *Id.* ¶¶ 22-23, 25-27.

#### b. Nature and Circumstances of the Offense

On May 13, 2015, Defendant flew aboard Delta flight number 556 from Santiago, Dominican Republic, to John F. Kennedy International Airport ("JFK") in Queens, New York. *Id.* ¶ 2. Upon arrival, Defendant was selected for a Customs and Border Protection ("CBP") examination. *Id.* CBP officers examined Defendant's luggage and observed that he appeared nervous. *Id.* Defendant was unable to provide details about his trip to the United States other

2

than the fact that he planned to stay for a month. *Id.* When he was asked about a previous trip to the United States in February of 2015, Defendant responded that he had originally planned a two-week visit, but decided to return to the Dominican Republic after three days because "it was too cold." *Id.*

Based on Defendant's odd behavior, CBP officials conducted a pat-down search. *Id.* ¶ 3. The search produced no results, but CBP officials continued to question Defendant until he admitted to swallowing "pellets." *Id.* Defendant was transported to the medical facility at JFK and subjected to an x-ray of his intestinal tract, which revealed the presence of foreign bodies. *Id.* Defendant subsequently passed three pellets, one of which field-tested positive for cocaine. *Id.*

Homeland Security Investigations ("HSI") agents promptly arrested Defendant. *Id.* ¶ 4. After agreeing to speak with the agents, Defendant admitted that he had been recruited to smuggle pellets of cocaine into the United States. *Id.* Defendant said that he had swallowed thirty-four pellets, which he believed to contain cocaine. *Id.* He further stated that he was to turn the pellets over to an unknown person in the United States in exchange for $3,400.00. *Id.*

Defendant remained at the JFK medical facility for four days, and passed an additional twenty pellets during this period. *Id.* ¶ 5. On May 18, 2015, Defendant began to experience seizure-like symptoms and was transported to a local hospital, where a toxicology screening showed Defendant had cocaine in his bloodstream. *Id.* On May 19, 2015, surgeons operated to remove eleven pellets from Defendant's digestive tract. *Id.*

In sum, Defendant carried thirty-four pellets weighing a total of 808.9 grams. *Id.* ¶ 6. Because the Probation Department did not receive laboratory test results from the Drug

3

Enforcement Administration, it conservatively estimated the net weight of the cocaine in Defendant's pellets to be one-half of the gross weight, or 404.5 grams. *Id.*

### 2. The Need for the Sentence Imposed

The second 18 U.S.C. § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant placed himself at mortal risk by importing 404.5 grams of cocaine, by conservative estimate, into the United States. His actions would have directly contributed to the proliferation of narcotics on the streets and in the neighborhoods of this nation had they not been detected. Defendant's conduct displayed reckless disregard for the law, and the Court's sentence is therefore necessary to promote respect for the law. This sentence also reflects the seriousness of Defendant's conduct, provides just punishment for his actions, and deters potential drug smugglers from pursuing similar ends.

### 3. The Kinds of Sentences Available

The third 18 U.S.C. § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Importation of Cocaine under 21 U.S.C. § 952(a). *See* Guilty Plea at 1. This count carries a maximum imprisonment term of twenty years, 21 U.S.C. § 960(b)(3), and a maximum supervised release period of at least three years, 21 U.S.C. §

960(b)(3).[1] Defendant is eligible for one to five years of probation. 18 U.S.C. § 3561(c)(1). Defendant faces a maximum fine of $1,000,000.00, 21 U.S.C. § 960(b)(3), and a mandatory special assessment of $100.00, 18 U.S.C. § 3013. Accordingly, the Court's sentence falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth 18 U.S.C. § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for[] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced[.]" 18 U.S.C. § 3553(a)(4)(A).

---

[1] Because Defendant has satisfied all of the mitigating factors listed in 18 U.S.C. § 3553(f), supervised release is not mandatory in Defendant's case. These factors are:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

Guideline 2D1.1(a)(5), by reference to Guideline 2D1.1(c)(9), provides that a 21 U.S.C. § 952(a) offense involving between 400 and 500 grams of cocaine has a base offense level of twenty-two. U.S. Sentencing Guidelines Manual §§ 2D1.1(a)(5), 2D1.1(c)(9) (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). Defendant provided the Government with complete and truthful information pertaining to his crime, making him eligible for a safety-valve reduction of two offense levels. *Id.* §§ 2D1.1(b)(17), 5C1.2. Because Defendant was a minimal participant in the offense, he is eligible for an additional four-level reduction. *Id.* § 3B1.2(a). The Guidelines also permit a decrease of three offense levels because Defendant demonstrated acceptance of responsibility and pled guilty in a timely manner. *Id.* §§ 3E1.1(a), 3E1.1(b).

Taking all adjustments into account, Defendant's adjusted offense level is thirteen. With a criminal history category of I, Defendant's guidelines sentencing range is twelve to eighteen months of imprisonment, followed by one to three years of supervised release. *See* U.S.S.G. Sentencing Table; U.S.S.G. § 5D1.2(a)(2). The Guidelines suggest that Defendant is ineligible for probation because his sentencing range is in Zone D of the Sentencing Table. *Id.* § 5B1.1, cmt (n.2). The Guidelines also suggest a fine of $5,500.00 to $1,000,000.00. *Id.* § 5E1.2(c). The Court shall consider costs of prosecution in determining whether to impose a fine. *See id.* § 5E1.5; PSR ¶ 55.

### 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth 18 U.S.C. § 3553(a) factor requires the Court to evaluate "any pertinent policy statement [] issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and [] that, except as

provided in section 3742(g), is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5). There are no policy statements pertinent to Defendant's particular situation of which this Court is aware, and therefore this factor is not relevant.

### 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth 18 U.S.C. § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Defendant pled guilty to Importation of Cocaine, which carries a maximum imprisonment term of twenty years of incarceration. *See* Guilty Plea at 1; 18 U.S.C. § 1951(a). A sentence of up to twenty years imprisonment is thus not beyond the pale for Defendant's crime and avoids disparities with other federal sentences which recognize the severity of such a crime.

### 7. The Need to Provide Restitution

The seventh and final 18 U.S.C. § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Because there was no loss involved in Defendant's case, this factor is not relevant.

## CONCLUSION

A sentence of time served, in addition to the $100.00 mandatory assessment fee, is appropriate and comports with the dictates of 18 U.S.C. § 3582. This sentence is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addendum to the Presentence Investigation Report.

SO ORDERED.

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2016
      Brooklyn, New York